IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KANSAS BERTOLLINI,

    Petitioner,

  v.

LINDA GETER,

    Respondent.

CIVIL ACTION NO.: 2:19-cv-43

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Kansas Bertollini ("Bertollini"), who is currently incarcerated at the Federal Correctional Complex in Coleman, Florida, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus while he was housed at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Doc. 1. Respondent filed a Response to the Show Cause Order, and Bertollini filed a Reply. Docs. 10, 13. For the reasons which follow, I **RECOMMEND** the Court **DENY** Bertollini's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Bertollini *in forma pauperis* status on appeal. Additionally, Bertollini filed a Motion for Judgment on Petition, doc. 21, which I construe as a Motion for Ruling, and **GRANT**.

**BACKGROUND**

Bertollini is currently serving a federal sentence imposed by the District Court for the Northern District of Georgia for aiding and abetting and possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Doc. 1 at

1; Doc. 10-1 at 9.  He was sentenced to 80 months' imprisonment and has a projected release date of August 5, 2021.  Doc. 10-1 at 9.  While incarcerated at FCI Jesup, Bertollini was charged with a Code 201 violation for fighting with another person.  Doc. 1-2 at 1.  After a disciplinary hearing, Bertollini was sanctioned with 15 days in disciplinary segregation, loss of commissary privileges for 180 days, and disallowance of 27 days of good conduct time.  Doc. 1-4 at 3.

## DISCUSSION

In his Petition, Bertollini contends officers and staff violated Program Statement 1330.18 by not answering his questions regarding the disciplinary hearing process and by claiming "vague procedural errors" prevented the appeals coordinators from considering the merits of his appeals.  Doc. 1 at 6.  Bertollini asserts the disciplinary hearing officer must accept and consider any documentary evidence he wished to present.  Id.  Bertollini also asserts the disciplinary hearing officer ("DHO") failed to evaluate a self-defense claim because the DHO did not ask these four questions: (1) Which party was the aggressor?; (2) Was the prisoner claiming self-defense free from fault?; (3) Was the force he used reasonable under the circumstances?; and (4) Did the charged inmate become the aggressor by the use of excessive force in self-defense?.  Id.; Doc. 1-3 at 1.  In short, Bertollini avers his due process rights were violated.  Doc. 1 at 6.  He seeks to have the 27 days' lost good conduct time restored and to have the five custody points added to his custody level removed.[1]  Doc. 1 at 7.

Respondent asserts Bertollini's Petition should be denied because the disciplinary proceedings were conducted in accordance with Bureau of Prisons' ("BOP") policy and satisfied

---

[1]   Neither party presented the Court will any documentation indicating Bertollini's custody level was increased by five points as a result of these disciplinary proceedings.  This issue is inconsequential, however, as the relevant inquiry is whether Bertollini's due process rights were violated.

due process requirements. Doc. 10 at 3–6. In addition, Respondent contends the DHO's finding is entitled to deference. Id. at 6–7.

**I.      Whether Due Process Requirements Were Met**

To determine whether Bertollini's right to due process was violated, the Court must first determine what process was owed to Bertollini. A prisoner has a protected liberty interest in statutory good time credits, and therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are taken away or denied. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Eleventh Circuit has determined an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992). Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Id.

Bertollini was charged on December 28, 2017, with fighting with another person, in violation of Code 201. Doc. 10-1 at 12. A correctional staff member prepared an incident report, and Bertollini was given a copy of the incident report the same day. Id. After the Unit Discipline Committee ("UDC") referred the matter, DHO V. Santana conducted a disciplinary hearing on January 11, 2018. Id. at 14. Bertollini waived his right to witnesses, did not have documentary evidence, and waived his opportunity to have staff representation during the hearing. Id. at 12. Prior to the hearing, Bertollini was advised of his rights before the DHO on

January 4, 2018.  Id.  DHO Santana concluded the evidence supported a finding of Bertollini having committed the prohibited act of fighting with another person as charged.  Id. at 13.

As set forth in the attachments to the parties' pleadings, the record clearly reflects Bertollini received the required due process protections.  An incident report was issued on December 28, 2017, and Bertollini received this incident report the same day.  Id. at 12.  Bertollini was advised of his rights before the DHO and received a copy of the notice of hearing and his rights on January 4, 2018.  Id.  He received a DHO hearing on January 11, 2018, and DHO Santana stated Bertollini had received a copy of the incident report on December 28, 2017.  Id. at 13.  Bertollini attended the hearing, and his rights were again read and reviewed with him.  Bertollini declined to have a staff representative and did not wish to present evidence or witnesses.  Id.  DHO Santana noted Bertollini did not submit documentary evidence either at the incident report phase or the DHO phase as a defense.  Id.  Following the hearing, DHO Santana detailed his factual and legal conclusions, and Bertollini was provided with the DHO's written report.  Doc. 13-7 at 2–4.  Thus, the well-documented evidence unequivocally demonstrates Bertollini received advance written notice of the charges against him, attended the hearing, was given the opportunity to call witnesses and present documentary evidence, and received a written statement setting forth the DHO's findings of fact.  Bertollini's unsupported contention he attempted to submit documentary evidence and was not permitted to do so is not supported by any documentation the parties presented.

Additionally, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.  This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced."  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985).

Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843, 845 (11th Cir. 2011).[2] "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 456. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. Appx' 752, 757 (11th Cir. 2006) (internal citation omitted).

The DHO's finding that Bertollini committed the charged offense of fighting with another person is supported by "some evidence." Specifically, DHO Santana considered Bertollini's admission of the charge, the incident report and investigation, six memoranda from officers, photographs, and medical assessments. Doc. 13-7 at 2. The record before the Court reveals Bertollini received all of the due process protections afforded him during the disciplinary proceedings, and any contention to the contrary is without merit. Furthermore, the Court's review of case law suggests there is no constitutional right to assert self-defense as a defense during prison disciplinary proceedings, and there is no suggestion in the law that a hearing officer must ask the sort of questions posited by Bertollini. Rowe v. DeBruyn, 17 F.3d 1047, 1051–53 (7th Cir. 1994) (holding prisoners do not have fundamental right to raise self-defense in disciplinary proceedings); Holston v. Sec'y, Fla. Dep't of Corr., Case No. 8:17-cv-796, 2020 WL

---

[2] The "some evidence" standard is a requirement of procedural, not substantive, due process. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) ("We now hold that revocation of good time does not comport with 'the minimum requirements of procedural due process, unless the findings of the prison disciplinary board are supported by some evidence in the record.'") (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)); see also O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (noting in Wolff and Hill "the Supreme Court addressed the requirements of procedural due process in the prison setting.").

1891300, at *4 (M.D. Fla. Apr. 16, 2020) (quoting Rowe, 17 F.3d at 1053, and finding no due process violation, even if state law had been misapplied).  Moreover, Bertollini did present his self-defense argument to DHO Santana during the hearing and read aloud the legal treatise he asserts the DHO should have considered.  Doc. 1-4 at 6 ("I told DHO Santana that I defended myself after I was attacked by inmate McGee."); Doc. 13 at 3 ("I was able to read DHO Santana the quote from section 9.3-12 Evidence of Constitutional Rights of Prisoners (9th. ed.) . . . .")..  Thus, the Court should **DENY** this portion of Bertollini's Petition.

II.     **Whether the Administrative Remedies Process was Followed**

Bertollini asserts BOP staff violated Program Statement 1330.18, which governs the administrative remedies process, by providing vague procedural errors as reasons to not consider the merits of his appeals.  Doc. 1 at 6.  Bertollini also states staff violated this Program Statement because the counselor would not answer his questions about the disciplinary process.  Id.

To the extent Bertollini contends a violation of the administrative remedies process entitles him to relief under § 2241, such a contention fails.  Bell v. Warden, FCI Tallahassee, Case No. 4:19cv442, 2020 WL 3686850, at *5 (N.D. Fla. June 9, 2020); Le v. Augustine, No. 5:12cv377, 2013 WL 2250142, at *7 (N.D. Fla. May 22, 2013) (adopting recommendation that alleged violation of regulations relating to administrative appeals do not provide a habeas claim independent of a due process claim).  Moreover, Bertollini does not allege he was prejudiced by any purported violation of the administrative remedies process, and Respondent does not allege Bertollini failed to exhaust his administrative remedies.  Docs. 1, 10, 13.[3]  In addition, Program Statement 1330.18 does not govern the disciplinary process, Program Statement 5270.09 does.

---

[3]     The Court notes the Declaration of Glenda Dykes, a legal instruments examiner with the BOP. Doc. 10-2.  Ms. Dykes opines Bertollini did not exhaust his administrative remedies regarding the DHO report.  Id. at 4.  However, Respondent makes no exhaustion argument in response to Bertollini's Petition. Doc. 10.

6

Even if the counselor did not answer Bertollini's questions about the disciplinary process in violation of this Program Statement, a violation of a Program Statement simply does not entitle Bertollini to relief under § 2241.  Thus, the Court should **DENY** this portion of Bertollini's Petition.

## III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Bertollini leave to appeal *in forma pauperis*.  Though Bertollini has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Bertollini *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **DENY** Bertollini's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Bertollini *in forma pauperis* status on appeal. I **GRANT** Bertollini's construed Motion for Ruling. Doc. 21.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA